James Oliveira
Maria deOliveira
56 Greene Street
Pawtucket, Rhode Island 02860

CA 06 214 ML

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| James Oliveira,<br>Maria deOliveira,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST RESIDENTIAL MORTGAGE NETWORK, INC., DBA FRM NETWORK, INC.;<br>Countrywide Home Loans, Inc. for the benefit of DB Structured Products, Inc.;<br>DB Structured Products, Inc.;<br>UNKNOWN OWNER OF THE EVIDENCE OF THE DEBT, HOLDER OF THE MORTGAGE and/or OWNER OF "THE NOTE"<br><br>Defendants. | Case No.:____________________<br><br><br><br>**VERIFIED COMPLAINT**<br>**Quiet Title,**<br>**TILA (15 U.S.C. § 1601 et seq.),**<br>**Breach of Contract,**<br>**Unconscionability,**<br>**Injunctive Relief**<br><br><br>**[Supplemental State Claims]** |

**Preliminary Statement**

1. This action is an action for quiet title, damages and equitable relief, including injunction. compensatory damages, punitive damages and attorney's fees and costs, to enforce TILA rescission,

redress violation of the Plaintiffs' constitutional and statutorily protected rights, state statutory and common law rights.

2. Upon information and belief, a law firm and several corporations have teamed up to sell plaintiffs' home at a bogus nonjudical foreclosure sale, without having ownership of, or any other interest in, the underlying Note, Mortgage, Deed of Trust, or Security Interest.

3. Plaintiffs seek rescission of the loan agreement, cancellation of the Note and Mortgage, cancellation of any foreclosure proceedings, restoration of title to the property in Plaintiffs' names, restitution of all money, including loan fees, paid by Plaintiffs, restitution of all closing costs paid by Plaintiffs for said loan, and other equitable relief as this Court deems proper.

**Jurisdiction and Venue**

4. Jurisdiction is under 12 U.S.C. § 2610; 15 U.S.C. § 1640 (e); 28 U.S.C. §§ 1331, 1332, 1367, 1652, 2201 et seq. The value at issue exceeds $75,000. The Plaintiffs request that this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on state statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

5. Venue for this action lies in this district since:

(a) Defendants are subject to personal jurisdiction of the State of Rhode Island and have sufficient contacts with this district under 28 U.S.C. § 1391 (b)(2).

(b) Substantial acts and omissions in this action occurred in this district under 28 U.S.C. § 1391 (b) (2) and/or (c).

6. This matter is properly filed in the District of Rhode Island and the claims arose in this District and all Defendants reside and/or do business in this District.

**Parties**

7. Plaintiffs are citizens of Rhode Island, domiciled at **56 Greene Street, Pawtucket, Rhode Island**.

8. Defendant FIRST RESIDENTIAL MORTGAGE NETWORK, INC., DBA FRM NETWORK, INC. is a Kentucky corporation with principal office at 9500 Ormsby Station Rd, Louisville, KY 40223.

9. Defendant COUNTRYWIDE HOME LOANS, INC. FOR THE BENEFIT OF DB STRUCTURED PRODUCTS, INC. is a New York corporation with principal office at 4500 Park Granada Blvd., Mail Stop CH-11, Calabasas, CA 91302.

10. Defendant DB STRUCTURED PRODUCTS, INC. is a Delaware corporation with principal office at 60 Wall Street, New York, NY 10005.

11. Defendant UNKNOWN OWNER OF THE EVIDENCE OF THE DEBT, HOLDER OF THE MORTGAGE and/or OWNER OF "THE NOTE" is a foreign corporation.

**Factual Allegations:**

All the following allegations are intended to be "without limitation" and will be supplemented by other facts to be found in discovery.

12. Plaintiffs were and are domiciled at and lawful owners of the property at **56 Greene Street, Pawtucket, Rhode Island, 02860,** legally described as:

File Number: 205060636

That lot of land with the buildings and improvements thereon, situated on the westerly side of Greene Street in the City of Pawtucket, County of Providence, State of Rhode Island, laid out and delineated as Lot No. 85 (eighty-five) on that plat entitled, "Map of the Division of Land on Pleasant View in Pawtucket Belonging to B. F. Greene & H. Daniels Jonathan Chace William H. Gooding Chas. Moies Commissioners appointed by The Supreme Court March term 1879 Surveyed Nov. 1879 A. R. Sweet, C.E." and recorded in the Records of Land Evidence in the City of Pawtucket on Plat

Card 183.

Said lot bounds easterly on Greene Street fifty (50) feet and holding that width extends westerly ninety-five (95) feet to and bounds westerly on land now or lately of David J. Reynolds et al, bounding northerly on land now or lately of Dosithee E. Sequin et al, and southerly on land now or lately of Samuel M. Scungio et al in part and in part on land now or lately of Mary Skrabonja.

Being the same property conveyed to Maria L. DeOliveira and James Oliveira, by Quitclaim Deed dated January 10, 2005, of record in Book L2280, Page 63, in the Office of the Town Clerk of the City of Pawtucket, Rhode Island. Also, being the same property PREVIOUSLY conveyed to Maria L. deOliveira, by Quitclaim Deed dated June 18, 1998, of record in Book 993 Page 28, by Quitclaim Deed dated June 23, 1998 of record in Book 993 Page 29, and by Consent Judgment dated June 25, 1998, of record in Book 993, Page 30, in the Office aforesaid. Also, being the same property PREVIOUSLY conveyed to James Manuel Oliveira and Carla Orlando Oliveira, by Quitclaim Deed dated April 13, 1996, of record in Book 847, Page 69, in the Office aforesaid. Also, being the same property PREVIOUSLY conveyed to Jaime S. de Oliveira and Maria L. de Oliveira, his wife, by Warranty Deed dated August 14, 1969, of record in Book 672, Page 383, in the Office aforesaid.

Being the same property commonly known as: 56 Greene Street, Pawtucket, Rhode Island 02860

Tax ID No.: Plat 20, Lot 264

(hereafter "the Homestead").

13. Plaintiffs are, and have been, in continuous possession of the Homestead.

***THE MORTGAGE***

14. On or about July 14, 2005, Plaintiffs entered into a consumer mortgage refinance transaction (Loan No. 10046020) with FIRST RESIDENTIAL MORTGAGE NETWORK ("FIRST RESIDENTIAL"), through its employees, servants and agents in which the extended consumer credit was subject to a finance charge and was initially payable to FIRST RESIDENTIAL. The Mortgage for said loan was recorded on 7/21/2005 at Book L2429 Page 133 in the records of Providence County.

15. At all times relevant to this action, FIRST RESIDENTIAL regularly extended and offered to

extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments (not including a down-payment) and offered services in support thereof. The obligation was secured by the Homestead and principal dwelling of Plaintiff. The obligation was initially payable to FIRST RESIDENTIAL on the face of the note or contract. Thus FIRST RESIDENTIAL was "the creditor" under 15 U.S.C. § 1602(f), 12 C.F.R. § 226.2, and 15 U.S.C. § 1635(a).

16. The mortgage was a "residential mortgage transaction" within the meaning of TILA, 15 U.S.C. § 1602 and Regulation Z.

17. Upon information and belief, neither FIRST RESIDENTIAL, nor anyone related to FIRST RESIDENTIAL, ever paid any consideration for the aforementioned Note and Mortgage.

18. At closing, FIRST RESIDENTIAL failed to give all material disclosures required by the Truth in Lending Act to the Plaintiffs, including without limitation, two copies of Notice of Right to Cancel.

19. FIRST RESIDENTIAL's Mortgage stated:

> "Lender" is First Residential Mortgage Network, Inc., DBA FRM Network, Inc., organized and existing under the laws of Kentucky. Lender's address is 9500 Ormsby Station Rd, Louisville, KENTUCKY 40223.

20. The mortgage was a "consumer credit transaction" within the meaning of TILA, 15 U.S.C. § 1602 and Regulation Z.

21. Upon information and belief, on or about March 9, 2005, Mortgage Electronic Registration Systems, Inc. ("MERS") falsely claimed to be "the present holder of that certain note and mortgage" and assigned "all of its rights, title and interest" to Countrywide Home Loans, Inc. for the benefit of DB Structured Products, Inc.; with a renumbering the loan to No. 94728651.

22. Upon information and belief, MERS falsely claims to be organized under the laws of Delaware

but is not in good standing in Delaware.

23. Upon information and belief, MERS falsely claimed to have made this assignment "for valuable consideration."

24. Upon information and belief, on or about August 26, 2005, Countrywide Home Loans, Inc. falsely claimed to have been assigned the servicing rights by FIRST RESIDENTIAL.

25. Upon information and belief, Countrywide Home Loans, Inc. falsely claims to have "power of sale."

26. Upon information and belief, Partridge Snow & Hahn LLP., counsel for Countrywide Home Loans, Inc., falsely claims to have received an "order of the holder" to foreclose on the Homestead.

***THE RESCISSION***

27. At closing, FIRST RESIDENTIAL failed to give all material disclosures required by the Truth in Lending Act, including without limitation, two copies of Notice of Right to Cancel.

28. Plaintiffs have a continuing right to rescind the transaction until the third business day after they receive all "material disclosures" pursuant to Section 125 (a) of the Act (15 U.S.C. 1635 (a)) and Regulation Z § 226.23 (a) (3) (12 C.F.R.§ 226.23 (a) (3)).

29. On or about March 1, 2006, Plaintiffs elected to rescind and timely gave Notice of Rescission to FIRST RESIDENTIAL, satisfying 15 U.S.C. § 1635(a).

30. As a matter of law, at the moment the Notice of Rescission was received, FIRST RESIDENTIAL's secured loan was transformed into an unsecured loan, pursuant to 15 U.S.C. § 1635(b).

31. FIRST RESIDENTIAL had a duty to release the security interest, by recording a Full Satisfaction of Lien at the county recorder, within 20 days of receiving Plaintiffs' Notice of Rescission,

pursuant to 15 U.S.C. § 1635(b).

32. FIRST RESIDENTIAL failed to respond within 20 days of the Notice of Rescission.

33. FIRST RESIDENTIAL failed to record any release of security interest.

34. On or about April 19, 2006, Plaintiffs gave Second Notice of Rescission to Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc.; to Countrywide Home Loans, Inc. for the benefit of DB Structured Products, Inc.; to First Residential Mortgage Network; to DB Structured Products, Inc.; and to Charles A. Lovell, Partridge Snow & Hahn LLP, satisfying 15 U.S.C. § 1635(a).

35. FIRST RESIDENTIAL failed to respond within 20 days of the Second Notice of Rescission.

36. FIRST RESIDENTIAL continued to fail to record any release of security interest.

37. FIRST RESIDENTIAL has not yet complied with the law regarding Plaintiffs' rescission of the loan.

**First Cause of Action - Quiet Title**
**(Against All Defendants)**

For their first claim for relief, Plaintiffs reallege and incorporate herein ¶¶ 1-37 supra and further allege:

38. At all times relevant to this Complaint, Plaintiffs were and are in possession and have been in continuous possession of the Homestead, against all the world, and have paid all lawful property taxes thereon.

39. Plaintiffs have superior and legal title to, and other interest in, the Homestead.

40. At all times relevant to this Complaint, Plaintiffs are and were the owners of the Homestead and entitled to such ownership and use without interference by Defendants.

41. Upon information and belief, Defendants are not the owners or holders of any promissory note encumbering the Homestead.

42. Defendants' claims to any right, title or interest in the property are false and without merit.

43. Plaintiffs seek a decree quieting title to the Homestead in Plaintiff, and such further equitable relief as the Court deems proper.

**Second Cause of Action - TILA Rescission (15 U.S.C. § 1601 et seq.)**
**(Against Defendant FIRST RESIDENTIAL MORTGAGE NETWORK, INC., DBA FRM NETWORK, INC.)**

For their second claim for relief, Plaintiffs reallege and incorporate herein ¶¶ 1-37 supra and further allege:

44. At closing, FIRST RESIDENTIAL failed to give disclosures required by 15 U.S.C. § 1631-1635.

45. Plaintiffs elected to rescind and timely gave Notice of Rescission to the creditor, satisfying 15 U.S.C. § 1635(a).

46. FIRST RESIDENTIAL failed to return all money and property.

47. FIRST RESIDENTIAL failed to record any release of security interest.

48. FIRST RESIDENTIAL owes a duty to Plaintiffs to release the security interest and to return to Plaintiffs all money and property advanced in connection with the loan.

49. As a result of FIRST RESIDENTIAL's wrongful actions, Plaintiffs face the impending wrongful foreclosure of their home, and otherwise suffered damages exceeding $300,000.00 to be determined at trial, for which Defendants are jointly and severally liable.

**Third Cause of Action - Breach of Contract**

**(Against Defendant FIRST RESIDENTIAL MORTGAGE NETWORK, INC., DBA FRM NETWORK, INC.)**

50. For their third claim for relief, Plaintiffs reallege and incorporate herein ¶¶ 1-37 supra and further allege:

51. This claim arises under Rhode Island's common law of contracts.

***ENFORCEABLE WRITTEN CONTRACT***

52. Plaintiffs and Defendant entered into enforceable contract(s). The terms prescribing Plaintiffs' performance were written. The terms prescribing Defendants' performance were oral. The relevant terms were that Defendants would lend Plaintiffs "Dollars" and Plaintiffs would sign a Promissory Note and Deed of Trust and would repay Defendants in "Dollars." The contract(s) were ambiguous. "Dollars" was never defined.

***PLAINTIFFS' PERFORMANCE***

53. Plaintiffs performed all conditions precedent to Defendants' performance.

***PLAINTIFFS' EXCUSE***

54. Plaintiffs had excuse for nonperformance.

55. Upon information and belief, Defendant and its peers have a pattern and practice of entering into contracts with multiple borrowers knowing, but concealing from the borrowers, that it is mathematically impossible for all borrowers to honor their contracts.

***DEFENDANT'S BREACH***

56. Defendant unjustifiably breached the contract(s). Without limitation:

57. Defendant failed to lend "Dollars" as defined by Act of Congress.

58. Defendant failed to lend any money owned by Defendant.

59. As a result of the breach, Plaintiffs are excused from performance. The Promissory Note and Mortgage, the existence of which were based on the contract, are invalid; title to the Homestead should be quieted in Plaintiff; Defendant should be ordered to record a Full Satisfaction of Lien; and Plaintiffs need not pay Defendant "Dollars."

***PLAINTIFFS' DAMAGES***

60. Plaintiffs suffered damages or loss proximately caused by that breach.

61. As a result of Defendant's wrongful actions, Plaintiffs face the likely future wrongful foreclosure of their home, and otherwise suffered damages exceeding $300,000.00 to be determined at trial, for which Defendants are jointly and severally liable.

***DEFENDANT'S REPUDIATION***

62. Defendant, by breaching the contract(s), repudiated them.

63. Plaintiffs hereby indicate that they accepts Defendant's repudiations so that the contract(s) are discharged.

**Fourth Cause of Action - Unconscionability**
**(Against Defendant FIRST RESIDENTIAL MORTGAGE NETWORK, INC., DBA FRM NETWORK, INC.)**

For their fourth claim for relief, Plaintiffs reallege and incorporate herein ¶¶ 1-37 supra and further allege:

***PROCEDURAL UNCONSCIONABILITY***

64. The parties had unequal bargaining power.

65. The terms of the contract(s) were unreasonably favorable to Defendant.

66. Upon information and belief, terms were hidden in the contract(s).

67. Plaintiffs had lower education than the Defendant's attorneys who drafted the contract(s).

68. Plaintiffs were unfairly surprised.

69. The terms prescribing Plaintiffs' performance were written, but the terms prescribing Defendant's performance were oral, therefore the contract(s) are enforceable on Plaintiffs but not on Defendant.

***SUBSTANTIVE UNCONSCIONABILITY***

70. There was overly harsh allocation of risks not justified by the circumstances. Without limitation: Upon information and belief, Defendant externalized the costs of its working capital onto the general public through the mechanism of inflation. Upon information and belief, Defendant did not risk any of its own assets, bur charged the same interest rate as if it had risked its own capital.

71. As a result of Defendant's wrongful actions, Plaintiffs face the likely future wrongful foreclosure of their home, and otherwise suffered damages exceeding $300,000.00 to be determined at trial, for which Defendant is liable.

**Prayer for Relief:**

72. Plaintiffs pray this honorable Court take jurisdiction of this case.

73. Plaintiffs pray for Decrees and Judgments as follows:

74. Enjoin, immediately, all Defendants, during the pendency of this action, and permanently thereafter, from recording any deeds or mortgages regarding the Homestead; from selling, assigning or transferring mortgages, trust deeds or obligations relating to the Homestead; from instituting, prosecuting, or maintaining nonjudicial or judicial foreclosure proceedings against the Homestead; from instituting, prosecuting, or maintaining ejectment or F.E.D. proceedings against Plaintiff; or from

otherwise taking any steps to deprive Plaintiffs of ownership and/or enjoyment of the Homestead.

75. On Plaintiffs' First Claim (Quiet Title):

(A) a Judgment and Decree quieting title in favor of Plaintiffs;

(B) Order Defendant to cancel the contract in its entirety and return to Plaintiffs any and all of their original signed documents; or in the alternative, money judgment in an amount sufficient to retire the contract.

76. On Plaintiffs' Second Claim (TILA):

(A) a Judgment and Decree for $300,000.00, for which Defendants are jointly and severally liable;

(B) Issue declaratory judgment affirming that Plaintiffs validly rescinded the mortgage loan that is the subject of this action;

(C) Order Defendants to take all action necessary to terminate any security in the Homestead created under the transaction and that the Court declare all such security void, including but not limited to the aforementioned Mortgage;

(D) Order Defendants to return all money and property received in connection with the loan; and enforcing Plaintiffs' TILA rescission of the loan, and for such other relief as the Court deems just and proper.

77. On Plaintiffs' Third Claim (Breach of Contract):

(A) a Judgment and Decree for $300,000.00, for which Defendants are jointly and severally liable;

(B) Issue declaratory judgment affirming that there is no valid contract between the parties;

(C) Order Defendants to take all action necessary to terminate any security in the Homestead

created under the transaction and that the Court declare all such security void, including but not limited to the aforementioned Mortgage;

78. On Plaintiffs' Fourth Claim (Unconscionability): Issue declaratory judgment affirming that there is no valid contract between the parties.

79. Such other relief as the Court deems just and proper.

80. Finally, Plaintiffs is not attorneys and are inexperienced in procedure as practiced in the Federal Courts. If this submission is found wanting in one or more particulars, it is incumbent upon the Court to inform Plaintiffs of the deficiencies, their specifics and assist the Plaintiffs in correcting the submission, and the Plaintiffs hereby respectfully request such assistance.

///

///

///

///

By: James Oliveira
James Oliveira, Plaintiff
DATED: 4 / 9 /2006

By: Maria L. de Oliveira
Maria deOliveira, Plaintiff
DATED: 4 / 9 /2006

**VERIFICATION**

We, James Oliveira, and Maria deOliveira, are the Plaintiffs in the above action. Pursuant to applicable rules, we verify under solemn affirmation that the facts alleged in the foregoing complaint

are true, complete and correct to the best of our knowledge and information.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. See 28 U.S.C. 1746.

By: James Oliveira
James Oliveira, Plaintiff
DATED: 4/9/2006

By: Maria L. de Oliveira
Maria deOliveira, Plaintiff
DATED: 4/9/2006

I certify that as of the 9th day of May 2006 I notified all parties pertaing to the complaint above stated.

x James Oliveira