# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES OLIVEIRA,<br>MARIA DEOLIVEIRA,<br>Plaintiffs,<br><br>v.<br><br>FIRST RESIDENTIAL MORTGAGE NETWORK, INC., d/b/a FRM NETWORK, INC., COUNTRYWIDE HOME LOANS, INC. for the benefit of DB Structured Products, Inc., DB STRUCTURED PRODUCTS, INC.<br>Defendants | Case No.: 1:06-cv-00214-ML |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Now come First Residential Mortgage Network, Inc., d/b/a FRM Network, Inc.; Countrywide Home Loans, Inc. for the benefit of DB Structured Products, Inc., and DB Structured Products, Inc. (collectively, the "Defendants"), by their attorneys, in support of their Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 41(b) and state as follows:

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." See, e.g. Lopez-Gonzalez v. Municipality of Comerio, 404 F. 3d 548, 554 (1st Cir. 2005); citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d 63 (1st Cir. 2002) (disobedience of court orders, in and of itself, constitutes extreme misconduct and thus warrants dismissal).

On July 24, 2006, this Honorable Court docketed and served a Notice and Order (the "Order") requiring the parties to submit a written report to the Court prior to the scheduling conference outlining a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f). On July 28, 2006, Defendants' counsel sent a letter to Plaintiffs with a copy of a draft discovery plan. In that letter counsel offered to meet in person, by telephone or e-mail and advised the Plaintiffs that, if they had not responded regarding the discovery plan by close of business on Wednesday, August

9, 2006, he would file the discovery plan in its current form. See, Affidavit of Noncompliance filed with this Court on August 10, 2006.

The Plaintiffs failed to comply with the Order and failed to meet with, speak with or communicate with counsel in regard to submitting the required discovery plan. Accordingly, Defendants filed the above Affidavit of Noncompliance together with the draft discovery plan.

On August 16, 2006, this Honorable Court, Magistrate Judge Lincoln Almond presiding, conducted a pretrial conference at which Plaintiffs were required to attend. Plaintiffs failed to attend the pretrial conference and the Court took note of their unexcused and unexplained absence via minute entries to the docket.

As has been readily apparent since the inception of this case, given the nonsensical allegations and unsupported assertions of law made by the Plaintiffs[1], this lawsuit is purely a stalling tactic by these pro se plaintiffs to avoid foreclosure of the mortgage on their residence, which mortgage loan has not had a single payment made on it since its inception a year ago.

The Court should also consider the actions of the Plaintiffs following the denial by this Honorable Court of the Plaintiffs' Motion for a Temporary Restraining Order. On May 15, 2006 Ms. DeOliveira filed for bankruptcy protection in the United States Bankruptcy Court for the District of Rhode Island, solely to gain the benefit of the automatic stay of bankruptcy. Ms. DeOliveira filed no schedules, failed to attend her Section 341 meeting, failed to attend the hearing on her own Motion to Withdraw the bankruptcy (filed on May 31, 2006), failed to attend a show cause hearing and failed to attend the hearing on Defendants' Motion for In Rem Relief from the Automatic Stay. See, Bankruptcy Docket attached hereto as Exhibit A. Further, the Bankruptcy Court, Judge Arthur Votolato presiding, not only granted Defendants' Motion for In Rem Relief from Stay, thereby barring for 180 days any person from claiming bankruptcy

[1] Plaintiffs claim, among other things, that lenders' rights under the loan cannot be enforced because the term "Dollars" was undefined.

protection as to the premises occupied by the Plaintiffs, but also entered an 11 U.S.C. § 109(g) dismissal of the case barring Ms. DeOliveira from filing for bankruptcy protection for a period of 180 days. Section 109(g) provides for dismissal of a bankruptcy case for "willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case."

Ms. DeOliveira then appealed the granting of the Motion for Relief; however, the First Circuit Bankruptcy Appellate Panel has dismissed that appeal based on Ms. DeOliveira's failure to prosecute the action and to designate the record upon appeal. See Judgment attached hereto as Exhibit B.

Given the history of disobedience to court orders by the Plaintiffs, it is clear that they are attempting to subvert the legal process to their own ends. It is clear that they have no respect for the Orders of this Court, the Bankruptcy Court or the Bankruptcy Appellate Panel, and that their sole purpose is to delay the inevitable foreclosure of their property.

WHEREFORE, Defendants pray this Honorable Court dismiss the within action with prejudice, pursuant to Fed. R. Civ. P. 41(b), and grant such other and further relief as is just.

FIRST RESIDENTIAL MORTGAGE NETWORK, INC., D/B/A FRM NETWORK, INC., COUNTRYWIDE HOME LOANS, INC. FOR THE BENEFIT OF DB STRUCTURED PRODUCTS, INC., DB STRUCTURED PRODUCTS, INC.COUNTRYWIDE HOME LOANS, INC.

By their Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Charles A. Lovell
Charles A. Lovell (#4004)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: August 18, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of August, 2006, a true copy of the within Memorandum in Support of Defendants' Motion to Dismiss Complaint was sent by regular, first class mail to:

Mr. James Oliveira
56 Greene Street
Pawtucket, RI 02860

Ms. Maria deOliveira
56 Greene Street
Pawtucket, RI 02860

/s/ Debra J. Demartini

872076_1/6301-942