James Oliveira
56 Greene Street
Pawtucket, Rhode Island 02860

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| James Oliveira,<br>Maria deOliveira,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST RESIDENTIAL MORTGAGE NETWORK, INC., DBA FRM NETWORK, INC., et al.,<br><br>Defendants. | Case No.: **06-cv-00214-ML-LDA** |

DECLARATION OF JAMES OLIVEIRA IN SUPPORT OF

**RENEWED** EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

I, James Oliveira, state:

1. There is a record in the county records (recorded on 7/21/2005 at Book L2429 Page 133 in the records of Providence County) appearing to show that on July 14, 2005, my mother Maria deOliveira and I entered into a consumer mortgage refinance transaction (Loan No. 10046020) with FIRST RESIDENTIAL MORTGAGE NETWORK ("First Residential"), through its employees, servants and agents in which the extended consumer credit was subject to a finance charge and was initially payable to First Residential.

2. First Residential did not lend any money to Maria deOliveira and me.

3. Neither Maria deOliveira nor I, nor anyone related to us, ever received any dollars (as defined by Congress) from First Residential.

4. At all times relevant to this action, First Residential regularly extended and offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments (not including a down-payment) and offered services in support thereof. The obligation was secured by the Homestead and principal dwelling of Plaintiff. The obligation was initially payable to First Residential on the face of the note or contract. Thus First Residential was "the creditor" under 15 U.S.C. § 1602(f), 12 C.F.R. § 226.2, and 15 U.S.C. § 1635(a).

5. The mortgage was a "residential mortgage transaction" within the meaning of TILA, 15 U.S.C. § 1602 and Regulation Z.

6. I am informed and believe that neither First Residential, nor anyone related to First Residential, ever paid any consideration for the aforementioned Note and Mortgage.

7. First Residential failed to give my mother and me all material disclosures required by the Truth in Lending Act.

8. First Residential did not give my mother and me two copies of Notice of Right to Cancel.

9. My mother and I have a continuing right to rescind the transaction until the third business day after they receive all "material disclosures" pursuant to Section 125 (a) of the Act (15 U.S.C. 1635 (a)) and Regulation Z § 226.23 (a) (3) (12 C.F.R.§ 226.23 (a) (3)).

10. First Residential's alleged Mortgage stated:

> "Lender" is First Residential Mortgage Network, Inc., DBA FRM Network, Inc., organized and existing under the laws of Kentucky. Lender's address is 9500 Ormsby Station Rd, Louisville, KENTUCKY 40223.

11. The alleged mortgage was a "consumer credit transaction" within the meaning of TILA, 15 U.S.C. § 1602 and Regulation Z.

12. On or about August 26, 2005, Countrywide Home Loans, Inc. claimed to have been assigned the servicing rights by First Residential.

13. On or about September 19, 2005, First Residential mailed to my mother and me a notice stating that it had transferred its servicing rights to Countrywide. There was no mention of whether First Residential had changed or retained its alleged status as Lender.

14. On or about October 21, 2005, Countrywide mailed to my mother and me a Notice of Default.

15. On or about March 1, 2006, I elected to rescind and timely gave Notice of Rescission to First Residential (a true copy of which is attached) to all Defendants, satisfying 15 U.S.C. § 1635(a). I sent it by certified mail (a true copy of the green card is attached), and the certified mail was not returned.

16. As a matter of law, at the moment the Notice of Rescission was received, First Residential's secured loan was transformed into an unsecured loan, pursuant to 15 U.S.C. § 1635(b).

17. First Residential had a duty to release the security interest, by recording a Full Satisfaction of Lien at the county recorder, within 20 days of receiving my Notice of Rescission, pursuant to 15 U.S.C. § 1635(b).

18. First Residential failed to respond within 20 days of the Notice of Rescission.

19. First Residential failed to record any release of security interest.

20. On or about March 9, 2005, Mortgage Electronic Registration Systems, Inc. ("MERS") mailed to my mother and me a document titled "Assignment of Note and Mortgage" in which MERS claimed to be "the present holder of that certain note and mortgage" and claimed to have assigned "all of its rights, title and interest" to Countrywide Home Loans, Inc. for the benefit of DB Structured Products, Inc.; with a renumbering the loan to No. 94728651.

21. MERS claimed to have made this assignment "for valuable consideration." However, upon information and belief, there was no such consideration.

22. On or about July 25, 2006, a document titled "Notice of Foreclosure" (a true copy of which is attached) and "Mortgagee's Sale" was mailed to my mother and me by Partridge Snow & Hahn LLP, who identified themselves as "Attorneys for Holder of the Mortgage" but never identified who the alleged holder of the mortgage was. There was also an ad (a true copy of which is attached) published in the newspaper. This document stated that the property will be sold September 12, 2006, "pursuant to the power of sale contained in a mortgage dated July 14, 2005, given to Mortgage Electronic Registration Systems, Inc., as nominee for First Residential Mortgage Network, Inc., d/b/a FRM Network, Inc, and currently held by Countrywide Home Loans, Inc., for the benefit of DB Structured Products, Inc., as mortgagee, by James Oliveira and

Maria L. DeOliveira, as mortgagors." However, the power of sale was given to First Residential, not to MERS. A servicer such as Countrywide normally does not have power of sale, and there is no evidence that First Residential ever assigned its power of sale.

23. I have requested validation and verification of the debt under the Fair Debt Collection Practices Act. So far, Partridge Snow & Hahn LLP has not responded.

24. On or about April 19, 2006, I gave Second Notice of Rescission to Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc.; to Countrywide Home Loans, Inc. for the benefit of DB Structured Products, Inc.; to First Residential Mortgage Network; to DB Structured Products, Inc.; and to Charles A. Lovell, Partridge Snow & Hahn LLP, satisfying 15 U.S.C. § 1635(a).

25. First Residential failed to respond within 20 days of the Second Notice of Rescission.

26. First Residential continued to fail to record any release of security interest.

27. First Residential has not yet complied with the law regarding my rescission of the loan.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
Executed on this 28 day of August, 2006,

By: James Oliveira
James Oliveira, Plaintiff