James Oliveira
56 Greene Street
Pawtucket, Rhode Island 02860

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

James Oliveira,
Maria deOliveira,

Plaintiffs,

vs.

FIRST RESIDENTIAL MORTGAGE NETWORK, INC., DBA FRM NETWORK, INC., et al.,

Defendants.

Case No.: **06-cv-00214-ML-LDA**

---

MOTION TO VACATE ORDER AND
**RENEWED** MOTION FOR ORDER TO DIRECT CLERK TO CORRECT ERROR AND ACCEPT DOCUMENTS FOR FILING NUNC PRO TUNC AS OF AND FOR MAY 15, 2006
[ EXPEDITED HEARING REQUESTED ]
[ APPEARANCE WAIVED ]
[ F.R.C.P. 60(b) ]

---

Plaintiff James Oliveira moves this Court for an order vacating its ORDER ON MOTION FOR MISCELLANEOUS RELIEF [25][1] of 8/24/06, and renews his motion [17] of 8/16/06 directing the Clerk to file the four unfiled documents [7] received on 5/15/06 and incorporated herein by reference; and in support thereof states as follows:

1. On 5/15/06, Plaintiff presented to the Clerk for filing the following four separate documents:

[1] Numbers in brackets refer to docket numbers.

(1) MOTION FOR RECONSIDERATION OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

(2) CERTIFICATE OF SERVICE for the above

(3) FINDINGS OF FACT AND CONCLUSIONS OF LAW DEMAND TO SUPPORT ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

(4) CERTIFICATE OF SERVICE for the above.

2. Each of these four documents had a full caption.

3. The above four documents were consolidated by the clerk into one document, docketed, and named "MOTION for Reconsideration re [5] Order on Motion for TRO WITH SUPPORTING MEMO" [7].

4. On 6/8/06, Magistrate Judge David L. Martin ordered the above four documents refused and returned stating: "Papers will not be accepted for filing without a certificate of service." [11] This order was erroneous because both certificates of service were included in Doc. 7.

5. On 8/16/06, Plaintiff filed MOTION FOR ORDER TO DIRECT CLERK TO CORRECT ERROR AND ACCEPT DOCUMENTS FOR FILING NUNC PRO TUNC AS OF AND FOR MAY 15, 2006 AND DECLARATION IN SUPPORT [17], moving for an order directing the Clerk to accept and file, nunc pro tunc, the four documents in question.

6. On the same day (8/16/06), Judge Martin recused himself [15].

7. At this point, there is procedurally no way to find the court's reasons for denying the Motion for Temporary Restraining Order, because the demand for findings of fact and conclusions of law was (unlawfully) refused; the time for another such demand has expired; and the judge who made the decision is no longer available.

8. On 8/23/06, the motion to direct the clerk to accept the four documents [17] was forwarded to chambers of Presiding Judge Lisi.

9. On May 12, 2006, the motion to direct the clerk to accept the four documents [17] was denied with minimal explanation in ORDER ON MOTION FOR MISCELLANEOUS RELIEF [25], which incorporates by reference Defendants' MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR ORDER TO DIRECT CLERK TO CORRECT ERROR AND ACCEPT DOCUMENTS FOR FILING NUNC PRO TUNC AS OF AND FOR MAY 15, 2006 AND DECLARATION IN SUPPORT [23].

10. [23] states on pages 1-1: "On May 14 [sic], 2006, ... the Plaintiffs filed various documents, ... " then changes the subject to discuss Maria deOliveira's bankruptcy, then continues "It is only now ... that the Plaintiffs have returned to this Court... " Please take judicial notice of the 40-year high record heat, flooding, and President Bush's declaration of disaster for the area where Plaintiffs' home is located. Plaintiff's basement has been repeatedly flooded over this period of time, causing Plaintiff to be short of time and energy for litigation along with running his construction and roofing business.

11. The allegedly nonexistent Certificate of Service for the MOTION FOR RECONSIDERATION OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION can be found in docket #7, "MOTION for Reconsideration re [5] Order on Motion for TRO WITH SUPPORTING MEMO" [7], pages 3-4.

12. The allegedly nonexistent Certificate of Service for FINDINGS OF FACT AND CONCLUSIONS OF LAW DEMAND TO SUPPORT ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION can be found in docket #7, "MOTION for Reconsideration re [5] Order on Motion for TRO WITH SUPPORTING MEMO" [7], pages 7-8.

13. [23] discusses Maria deOliveira's bankruptcy but cites no authority showing its relevance. In view of the incorporation of Doc. 23 into the Court's Order, that part of the second paragraph, from "On May 15, 2006, in an obvious..." to the end of the paragraph, ought to be disregarded and ought not to be considered as part of the Court's incorporation in [25].

14. [23] states on page 2: "In their Motion, the Plaintiffs make no reference to any underlying legal authority for the ability to refile these documents or to grant the relief requested therein." Defendants' assumption (which is now the Courts' assumption) is that the documents were lawfully rejected when received by the Clerk, for lack of certificates of service. The truth is that the Clerk unlawfully rejected the documents. This truth can be seen by examining [7] and noting the certificates of service at pages 3-4 and 7-8. Therefore, Plaintiff is not asking to "refile" but instead Plaintiff is asking the Court to correct its factual mistake—namely, its belief that there were no certificates of service submitted with the documents—and to order the Clerk to follow the law and accept the documents for filing, as ought to have been done on May 15.

15. Under Fed. R. Civ. P. 60(b), Plaintiff is entitled to relief from Order [25] on the grounds of the mistake described above.

16. [23] states on page 2: "The Plaintiffs have failed to supply any reason that the Court's order denying Temporary Restraining [sic] should be revisited ..." This is off point and premature. Once the Plaintiffs are in possession of the desired Findings of Fact and Conclusions of Law behind the Order of 5/11/06, denying the Motion for TRO, then the Plaintiffs will be in a position to determine whether there are or are not any reasons why the Order should be revisited.

CONCLUSION

17. The Court should order the Clerk to file the four unfiled documents submitted on May 15, 2005, named in paragraph 1 above, nunc pro tunc, as of and for May 15, 2006.

Respectfully submitted,

DATED August 29, 2006. By: [signature]
James Oliveira, plaintiff

James Oliveira
56 Greene Street
Pawtucket, Rhode Island 02860

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| James Oliveira,<br>Maria deOliveira,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST RESIDENTIAL MORTGAGE NETWORK, INC., DBA FRM NETWORK, INC.; et al.,<br><br>Defendants. | Case No.: 06-cv-00214-ML-LDA<br><br>**PROPOSED ORDER** |

Plaintiffs' MOTION TO VACATE ORDER AND RENEWED MOTION FOR ORDER TO DIRECT CLERK TO CORRECT ERROR AND ACCEPT DOCUMENTS FOR FILING NUNC PRO TUNC AS OF AND FOR MAY 15, 2006 is hereby GRANTED.

By:______________________________ DATED: __/__/2006
Judge

James Oliveira
56 Greene Street
Pawtucket, Rhode Island 02860

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| James Oliveira,<br>Maria deOliveira,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST RESIDENTIAL MORTGAGE NETWORK, INC., DBA FRM NETWORK, INC., et al.,<br><br>Defendants. | Case No.: **06-cv-00214-ML-LDA** |

CERTIFICATE OF SERVICE

The undersigned certifies that on the date last written below I served a true copy of:

MOTION TO VACATE ORDER AND
RENEWED MOTION FOR ORDER TO DIRECT CLERK TO CORRECT ERROR AND ACCEPT DOCUMENTS FOR FILING NUNC PRO TUNC AS OF AND FOR MAY 15, 2006

DECLARATION OF JAMES DEOLIVEIRA IN SUPPORT OF
MOTION TO VACATE ORDER AND
RENEWED MOTION FOR ORDER TO DIRECT CLERK TO CORRECT ERROR AND ACCEPT DOCUMENTS FOR FILING NUNC PRO TUNC AS OF AND FOR MAY 15, 2006

PROPOSED ORDER

on the following parties by U.S. first class mail, postage prepaid:

**Countrywide Home Loans, Inc.**
**DB Structured Products, Inc.**
**First Residential Mortgage Network, Inc.**
c/o Attorneys for above defendants:
**Lisa M. Martinelli**
**Charles A. Lovell**
Partridge, Snow & Hahn LLP
180 South Main Street
Providence, RI 02903:

Maria deOliveira
56 Greene Street
Pawtucket, Rhode Island 02860

Executed on this 29 day of August, 2006,

By: James Oliveira
James Oliveira, Plaintiff