James Oliveira
56 Greene Street
Pawtucket, Rhode Island 02860

COPY

FILED
AUG 29 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| James Oliveira,<br>Maria deOliveira,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST RESIDENTIAL MORTGAGE NETWORK, INC., DBA FRM NETWORK, INC., et al.,<br><br>Defendants. | Case No.: **06-cv-00214-ML-LDA** |

**RENEWED** EMERGENCY MOTION FOR PRELIMINARY INJUNCTION
[ EXPEDITED HEARING REQUESTED ]
[ APPEARANCE WAIVED ]
[ FRCP 65, 65.1 ]

**CERTIFICATION**

The undersigned certifies that the undersigned has in good faith attempted to confer with the Defendant's attorney in an unsuccessful effort to resolve the dispute without court action.

The undersigned hereby certifies that this motion is made to avoid irreparable harm and relief is needed in less than 7 days.

///

~~Referred to U.S.M.J. _____~~
~~☐ for findings & recommendations~~
~~☐ for determination~~
~~☐ _____~~
~~Mary M. Lisi, U.S. District Judge~~
~~Date: _____~~

## MOTION

1. Comes now Plaintiff James Oliveira and moves for an injunction to prevent Defendant "Countrywide Home Loans, Inc. for the benefit of DB Structured Products, Inc." and its attorneys, Partridge Snow & Hahn LLP, from selling Plaintiffs' house at an unlawful nonjudicial foreclosure sale scheduled for September 12, 2006, until such time as the litigation is completed.

2. As shown by the attached Declaration, Defendant intends to sell Plaintiffs' property at a purported nonjudicial foreclosure sale.

3. As shown by the attached Declaration, Defendant has no legal justification to sell Plaintiffs' property.

4. Plaintiff requests expedited relief on this Motion.

5. Plaintiff waives hearing on this Motion.

6. The reasons why the Court's order denying Temporary Restraining Order should be revisited are as follows.

7. Plaintiffs have a likelihood of prevailing. Plaintiffs have produced evidence that First Residential did not make a loan to Plaintiffs (DECLARATION OF JAMES OLIVEIRA IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, Docket #3, para 10); and that neither Plaintiffs, nor anyone related to Plaintiffs, ever received any dollars from First Residential (*Id.*, para 11). Defendants have provided no evidence to the contrary. This alone ought to cause this Court to enjoin Defendants from selling Plaintiffs' property. Can any mortgage company in the District of Rhode Island, having never made a loan, contact a randomly chosen homeowner and announce that the homeowner is in default and the company is going to do a nonjudicial foreclosure sale, all with the Court's blessing?

8. In the event that this Court is persuaded, by unsworn statements of counsel or otherwise, that a loan did take place, Plaintiffs have also presented evidence that First Residential never gave Plaintiffs two copies of Notice of Right to Cancel (*Id.*, para 12); that Plaintiff James Oliveira timely gave Notice of Rescission to First Residential, satisfying 15 U.S.C. 1635(a) (*Id.*, para 18). Defendants have provided no evidence to the contrary. Under the Truth in Lending Act, 15 U.S.C. 1635(b), any security interest possessed by Defendants became void as a matter of law the moment First Residential received the Notice of Rescission.

9. Plaintiff consents to the giving of security.

10. This motion is supported by the accompanying DECLARATION OF JAMES OLIVEIRA IN SUPPORT OF RENEWED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION and the accompanying MEMORANDUM IN SUPPORT OF RENEWED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION.

Respectfully submitted,

DATED August 29, 2006. By: James Oliveira

James Oliveira, plaintiff